# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

No. 11-10800
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER JOHN CANO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CR-16-2

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following his guilty-plea conviction for conspiring to manufacture counterfeit currency, Christopher John Cano was sentenced, *inter alia*, to 21-months' imprisonment. He challenges his sentence, contending the district court erred: by declining to grant him a minor-participant adjustment; and by not considering his cooperation with the Government as a basis for a downward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10800

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A sentence within a properly calculated Guidelines-sentencing range is presumed reasonable. *E.g.*, *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Regarding the district court's declining to grant Cano a minor-participant adjustment pursuant to Guideline § 3B1.2(b), whether he was a minor participant is a factual finding, reviewed for clear error. *E.g.*, *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Based upon the record as a whole, including that Cano was one of only two indicted conspirators who purchased and passed off the counterfeit currency at issue, the district court's finding that Cano was not a minor participant is plausible.

Contrary to Cano's contention, the record indicates that the district court did consider his cooperation with the Government but nevertheless chose not to vary downward, based upon Cano's extensive criminal history, as well as the need for adequate punishment and deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Essentially, Cano urges our court to engage in impermissible "substantive second-guessing of the sentencing court". *Cisneros-Gutierrez*, 517 F.3d at 767. He fails to overcome the presumption of reasonableness afforded his sentence.

AFFIRMED.